IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-357-D

| | |
|---|---|
| DELMAR CLARK WOODALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff challenges the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") benefits on the grounds that he is not disabled. The case is before the court on the parties' motions for judgment on the pleadings (D.E. 24, 27). Both filed memoranda in support of their respective motions. (D.E. 25, 28). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. 29). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I. BACKGROUND

A. Case History

Plaintiff filed an application for SSI benefits on 7 May 2009 alleging the onset of disability on 1 February 2005. Transcript of Proceedings ("Tr.") 16. The application was denied initially (Tr. 16, 86-94) and upon reconsideration (Tr. 16, 100-09), and a request for hearing was timely filed (Tr. 16, 99). On 5 November 2010, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 29-59. The ALJ issued a decision denying plaintiff's claim on 13

December 2010.  Tr. 16-23.  Plaintiff timely requested review by the Appeals Council.  Tr. 12. The Appeals Council denied the request for review on 4 May 2012.  Tr. 1-4.  At that time, the decision of the ALJ became the final decision of the Commissioner.  20 C.F.R. § 416.1481. Plaintiff commenced this proceeding for judicial review on 19 June 2012, pursuant to 42 U.S.C. § 405(g).  (*See In Forma Pauperis* Mot. (D.E. 1), Order Allowing Mot. (D.E. 5), Compl. (D.E. 6)).

B.     **Standards for Disability**

The Social Security Act ("Act") defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §1382c(a)(3)(D).  "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 1382c(a)(3)(B).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 44 years old on the alleged onset date of disability and 49 years old on the date of the hearing. *See* Tr. 22 ¶ 6. He completed eighth grade. Tr. 22 ¶ 7 (finding plaintiff to have a limited education), 35 (plaintiff's testimony that he completed eighth grade); *see* 20

C.F.R. § 416.964(b)(3) (defining limited education generally as the seventh through eleventh grade level of formal education).

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since 7 May 2009, his application date. Tr. 18 ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations, 20 C.F.R. § 416.920(c): lumbar spine degenerative disc disease; osteoarthritis; obesity; depression; and hypertension. Tr. 18 ¶ 2. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals one of the listings. Tr. 18 ¶ 3.

The ALJ next determined that plaintiff had the RFC to perform light work, [1] subject to the following limitations: performing postural activities only occasionally; requiring an option to alternate between sitting or standing every 30 minutes; performing only simple, routine, and repetitive tasks; and avoiding extensive social interaction. Tr. 19 ¶ 4. At step four, the ALJ found that plaintiff was unable to perform past relevant work. Tr. 21 ¶ 5. At step five, the ALJ accepted the testimony of a vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of laundry classifier; sorter, agricultural produce; and remnant sorter. Tr. 22 ¶ 9. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 23 ¶ 10.

---

[1] Light work involves lifting up to 20 pounds occasionally and lifting and carrying 10 pounds frequently. *See* 20 C.F.R. § 416.967(b); *see also Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991), app. C § IV, def. of "L–Light Work," http://www.oalj.dol.gov/libdot htm (last visited 15 July 2013). The term "light work" and the terms for the other levels of physical exertion as used in the Regulations have the same meaning as in the DOT. 20 C.F.R. § 416.967.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales,* 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano,* 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently

explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

B.   **Overview of Plaintiff's Contentions**

Plaintiff contends that the ALJ erred by: (1) improperly rejecting a subsequent ALJ decision approving him for SSI benefits; (2) incorrectly assessing plaintiff's credibility; and (3) not finding that plaintiff met or medically equaled Listing 1.04 for spinal disorders. Because the court finds the issue of the subsequent disability determination dispositive of this appeal, it addresses below only that issue.

C.   **Subsequent ALJ Decision**

On 16 February 2011, after issuance of the decision in the instant case, plaintiff filed another application for SSI benefits and on 19 September 2012, an ALJ issued a decision on that application. (*See* 19 Sept. 2012 ALJ Dec'n ("2012 decision") (D.E. 31 at 5-9) 9).[2] The ALJ found plaintiff to be disabled since 14 February 2010 and approved him for SSI benefits (subject to his satisfaction of the nondisability requirements for SSI). (*See* 2012 Dec'n 9 ¶ 10). Plaintiff first submitted the 2012 decision to this court.

Plaintiff urges the court to find that the 2012 decision constitutes new and material evidence justifying remand. The court agrees. It finds that remand is warranted under sentence six of 42 U.S.C. § 405(g) ("sentence six"), which provides for remand when evidence is submitted for the first time at the district court level.

Sentence six permits remands "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record

---

[2] Citation is to the page numbers assigned by the court's electronic CM/ECF filing system.

in a prior proceeding." 42 U.S.C. § 405(g); *see Stanley v. Colvin*, No. 7:12–CV–134–FL, 2013 WL 2447850, at *7 (E.D.N.C. 5 Jun. 2013); *Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *8 (W.D. Va. 20 Feb. 2008). There are accordingly three distinct requirements under sentence six.

First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins v. Sec'y of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Stanley*, 2013 WL 2447850, at * 7. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that the requirements of sentence six are met rests with the claimant. *See Fagg v. Chater*, 106 F.3d 390 (Table), 1997 WL 39146, at *2 (4th Cir. 3 Feb. 1997); *Keith v. Astrue*, No. 4:11CV0037, 2012 WL 2425658, at * 2 (W.D. Va. 22 Jun. 2012) (mag. judge's rep. and recomm.) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff."), *adopted,* 2012 WL 4458649 (9 Aug. 2012).

Here, the first requirement—that the evidence be new—is met because there is no other decision in the record by the Social Security Administration finding plaintiff to be disabled.[3] The 2012 decision is therefore neither cumulative nor duplicative.

The 2012 decision is also material. The time period covered by it and the decision in the instant case overlap. The overlap is from 14 February 2010, the disability onset date found in the 2012 decision, to 13 December 2010, the date of issuance of the instant decision—a span of ten

---

[3] There does not appear to be such a decision by any other governmental agency either. Although plaintiff's brief to the Appeals Council refers to a Medicaid decision apparently in his favor, no copy of it was submitted with the brief. *See* Tr. 5, 225 § 5. On remand, the Commissioner should make an appropriate effort to obtain a copy of that decision, if it is not otherwise submitted, and consider it in her reevaluation of plaintiff's case.

months.  Remand has been found by this court to be warranted when the overlap is less than one month.  *Pulley v. Colvin*, No. 4:11–CV–85–FL, 2013 WL 2356124, at *4 (E.D.N.C. 29 May 2013) (citing *Brunson v. Colvin*, No. 5:11–CV–591–FL, 2013 WL 1332498 at *2–3 (E.D.N.C. 29 Mar. 2013); *Outlaw v. Colvin*, 5:11–CV–647–FL, 2013 WL 1309372 at *2–3 (E.D.N.C. 28 Mar. 2013); *Laney v. Astrue*, No. 7:10-CV-174-FL, 2011 WL 6046312 at *2 (E.D.N.C. 5 Dec. 2011); *Smith v. Astrue*, No. 5:10–CV–219–FL, 2011 WL 3905509 at *3 (E.D.N.C. 2 Sept. 2011)); *see also Kirkpatrick v. Colvin,* No. 5:12–CV–263–D, 2013 WL 1881315, at *2 (E.D.N.C. 6 May 2013) ("As for materiality, this court and others in the Fourth Circuit have found to be material contrary decisions by the Commissioner with little or no intervening gap between a claimant's state of disability and non-disability.").

Moreover, the impairments that are the basis of the finding of disability in the 2012 decision overlap those at issue in the instant decision.  *See Kirkpatrick*, 2013 WL 1881315, at *2 ("The [subsequent] disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap."). Specifically, in both cases, degenerative disc disease, depression, and hypertension were found to be severe impairments.  *See* Tr. 18 ¶ 2; 2012 Dec'n 7 ¶ 2.

The Commissioner argues that the onset date of disability found in the 2012 decision—14 February 2010—is not the relevant date for determining materiality, but that instead the application date—16 February 2011—is since it governs when benefits become payable, namely, the month after the month in which the application is filed.  If the application date were used, there would be no overlap between the periods covered by both decisions and, according to the Commissioner, the materiality requirement would not be met.  But the concern of the materiality requirement is whether the claimant has an impairment or combination of impairments that

prevents him from working, not the timing of any payments that are due. The disability onset date found in the 2012 decision is therefore the proper date to use in determining materiality. *See Pulley*, 2013 WL 2356124, at *4 (relying on disability onset date in initial SSI decision, not payment eligibility date in subsequent SSI decision, in determining materiality).

Lastly, as to the third requirement, plaintiff obviously had good cause for not submitting the 2012 decision in the proceedings before the ALJ or the Appeals Council. It was not issued until after plaintiff's commencement of this action. *See Brunson*, 2013 WL 1332398, at *3 (finding good cause where the subsequent decision was issued after the date of Appeals Council's denial of review in the instant case).

The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence" within the meaning of sentence six. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA [*i.e.*, Social Security Administration] directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks omitted). As this court has held, "if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence." *Outlaw*, 2013 WL 1309372, at *3; *see also Bryant v. Astrue,* No. 7:11–CV–54–D, 2012 WL 896147, at *2 (E.D.N.C. 15 Mar. 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand

pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts.").

Language in the recent per curiam decision by the Fourth Circuit in *Baker v. Comm'r of Soc. Sec.*, No. 12–1709, 2013 WL 1866936, at *1 n.* (4th Cir. 6 May 2013) does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of SSI and disability benefits, quotes and relies on the principle from *Allen* that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" *Baker*, 2013 WL 1866936, at *1 n* (quoting *Allen*, 561 F.2d at 653). The court declines to follow *Baker* because it is unreported and therefore not binding precedent (as expressly noted in *Baker* itself, 2013 WL 1866936, at *1); it does not address *Bird*; and it is factually distinguishable in that the plaintiff there did not, as here, meet "her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal," *id.* at *1 n*.[4]

The court concludes that the three requirements for remand pursuant to sentence six have been met and that this case should be remanded. In the remand, the Commissioner must "explain the apparent discrepancy in outcome between the first ALJ decision and the Commissioner's subsequent decision." *Brunson*, 2013 WL 1332498, at *4. The court expresses no opinion on what resolution should be made of that apparent discrepancy.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 24) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 27) for judgment

---

[4] Although plaintiff cites to the 2012 decision in his memorandum (Pl.'s Mem. 12), as did the Commissioner in her memorandum (Comm'r's Mem. 8), plaintiff did not actually file it with his memorandum. He ultimately filed it (on 3 July 2013) at the direction of the court (*see* D.E. 30) long after briefing had been completed.

be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 29 July 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 15th day of July 2013.

_____
James E. Gates
United States Magistrate Judge